IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YASHYRA M. RIVERA-ASTACIO; PATRIA M. ASTACIO<br>Plaintiffs<br>vs<br>COMMONWEALTH OF PUERTO RICO and its agency, PUERTO RICO POLICE DEPARTMENT; SUPERINTENDENT JOSE CALDERO; John Doe, Richard Roe and their respective insurance companies<br>Defendants | CIVIL 15-3181CCC |

**OPINION AND ORDER**

On June 1, 2016, plaintiffs Yashyra M. Rivera-Astacio ("Rivera") and Patria M. Astacio ("Astacio") filed an Amended Complaint (d.e. 21) against defendants the Commonwealth of Puerto Rico ("the Commonwealth"), the Police of Puerto Rico ("PPR"), Superintendent José Caldero ("Caldero"), John Doe, Richard Roe, and their respective insurance companies pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1983, Articles 1802 and 1803 of the Puerto Rico Civil Code, "the Puerto Rico Law against discrimination and retaliation," and "Puerto Rico Labor Laws Including Public Law No. 80 of May 30, 1976 as amended, whistler blower act, state law against retaliation, and equivalent Federal Labor Laws." (d.e. 21, p. 1).

On July 27, 2016, PPR and the Commonwealth filed a Motion to Dismiss (d.e. 27) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that (1) they are entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution for both federal and state law claims, and (2) that co-plaintiff Astacio failed to state a claim upon which relief

CIVIL 15-3181CCC                             2

can be granted.  On August 4, 2016, plaintiffs filed an Opposition (d.e. 29), arguing that (1) the Eleventh Amendment does not apply to Puerto Rico, (2) this Court has jurisdiction over all of its claims, and (3) plaintiff Astacio pleaded adequately.  On August 15, 2016, defendants filed a Reply (d.e. 32), arguing that the United States Supreme Court's decisions in <u>Puerto Rico v. Sanchez-Valle</u>, 136 S.Ct. 1863 (2016) and <u>Puerto Rico v. Franklin Cal. Tax-Free Tr.</u>, 136 S.Ct. 1938 (2016) do not support the contention that the Eleventh Amendment does not apply to Puerto Rico.

**I.     FACTUAL BACKGROUND**

The following are relevant allegations of the Amended Complaint (d.e. 21):  In 2007, plaintiff Rivera filed a sexual harassment and retaliation claim against the Commonwealth of Puerto Rico, in which she prevailed on October 5, 2010 (d.e. 21, ¶ 12).  At some point in or after 2012, she alleges that Sergeant Wilberto Morales, who was her supervisor, changed her shift and cut her days off in half (d.e. 21, ¶¶ 17-19, 21, 23).  Rivera describes an incident, no time frame given, in which she participated in a domestic violence situation and  Morales told her that her job was to "protect the coasts" (d.e. 21, ¶¶ 24-27).  Allegations 28-31 refer to a June 27, 2012 incident related to her practice that day at the Guayama Shooting Range and allegation 33 refers generally to Morales canceling a police operative after discarding information provided by her concerning drug smuggling in the Guayama area.  Rivera also notes that she filed administrative complaints and a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), which issued a Right to Sue Notice on October 3, 2015.  (d.e. 21, ¶¶ 35-36).  In her prayer for relief, Rivera alleges that her "civil rights were violated due to [her]" skin color,

CIVIL 15-3181CCC                             3

gender, sex, and in retaliation for her Puerto Rico court case. (d.e. 21, ¶¶ 38-40). She also alleges that she and her mother "suffered and continue to suffer severe emotional distress, affliction, anguish, [and] deprivation." (d.e. 21, ¶¶ 41-42).

## II.   PLEADING STANDARDS

Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 188 (D.P.R. 2009). A motion to dismiss brought under Rule 12(b)(1) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). Cintrón-Luna v. Román-Bultrón, 668 F. Supp. 2d 315, 316 (D.P.R. 2009). "In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'." Martínez-Díaz v. Doe, 683 F. Supp. 2d 171, 173 (D.P.R. 2010). When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor." Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008). Although "Twombly does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'." Quirós v. Muñoz, 670 F. Supp. 2d 130, 131 (D.P.R. 2009). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'." Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

CIVIL 15-3181CCC                                4

     In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009), the Supreme Court upheld <u>Twombly</u> and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id</u>. at 1950. "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." <u>Id</u>. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>., at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>., at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief'." <u>Id</u>. "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." <u>Martínez-Díaz v. Doe</u>, 683 F. Supp. 2d at 174 (quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct. at 1950-51).

CIVIL 15-3181CCC                                     5

## III.   DISCUSSION

### Title VII and ¶ 1983

Defendants PPR and the Commonwealth pray that plaintiffs' Amended Complaint (d.e. 21) be "dismissed in its entirety" (d.e. 27, p. 7). but they do not address plaintiffs' claims under Title VII of the Civil Rights Act or 42 U.S.C. § 1983.  They argue generally, however, that they are entitled to Eleventh Amendment immunity.

Puerto Rico has consistently been treated as a state for Eleventh Amendment purposes.  Nieves-Garay v. Puerto Rico Police Dep't, No. CIV. 09-1959 JAF, 2011 WL 2518801, at *4 (D.P.R. June 23, 2011) (citing Metcalf & Eddy, Inc. V. P.R. Aqueduct and Sewer Co.,991 F.2d 935, 939 n. 3 (1st Cir. 1993). The Eleventh Amendment generally prohibits individuals from seeking monetary relief from states and their agencies and instrumentalities. Cruz v. Puerto Rico, 558 F. Supp. 2d 165, 173 (D.P.R. 2007).  However, the Eleventh Amendment is abrogated by Congress' enforcement power under Section Five of the Fourteenth Amendment to the United States Constitution to enforce that amendment's substantive provisions.  Fitzpatrick v. Bitzer, 427 U.S. 445, 447 (1976).

Because Title VII was passed pursuant to said power, Eleventh Amendment immunity does not protect defendants PPR and the Commonwealth from claims for damages under Title VII. Rzadkowski-Chevere v. Admin. for Child Support Enf't, 363 F. Supp. 2d 1, 6 (D.P.R. 2005). Accordingly, said defendants' request for dismissal of plaintiffs' Title VII claims is DENIED.

As to the claims under § 1983, it is apodictic that § 1983 only imposes liability on "persons."  See Martinez-Velez v. Simonet, 919 F.2d 808, 810

CIVIL 15-3181CCC                           6

(1st Cir. 1990).  The Supreme Court has held that a state, its agencies, and state officials acting in their official capacities are not "persons" within the meaning of ¶ 1983 and cannot be sued under it.  Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989).  Thus, as both the Commonwealth and PPR are not "persons" for § 1983 purposes, defendants' request for dismissal of the claims brought against them under its provisions is GRANTED.

### State Law Claims

In plaintiffs' Amended Complaint (d.e. 21), they state that this Court has jurisdiction under Articles 1802 and 1803 of the Puerto Rico Civil Code, "Puerto Rico Labor Laws including Law No. 80 of May 30, 1976," "Puerto Rico Law against discrimination and retaliation," "whistler blower act, "state law against retaliation, and equivalent Federal Labor Laws" (sic). (d.e. 21, ¶¶ 2-3).

Defendants PPR and the Commonwealth, rightfully unsure of exactly which laws plaintiffs intend to cite in their Complaint, request dismissal of these state law claims on the grounds that Congress has not overridden Puerto Rico's Eleventh Amendment immunity, and Puerto Rico has not otherwise waived it.  (d.e. 27, pp. 5-6).

Regarding Articles 1802 and 1803 of the Puerto Rico Civil Code, which is the general negligence statute, we have stated the following: "Although the Commonwealth has consented to be sued for damages in actions brought under the Commonwealth general negligence statute, such consent does not extend to actions filed in any courts but the Commonwealth's own." Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006).

CIVIL 15-3181CCC                              7

Regarding Puerto Rico Law 80, 29 L.P.R.A. §§ 185a-m, we have held that the Commonwealth has not waived its sovereign immunity. <u>Mandavilli v. Maldonado</u>, 38 F. Supp. 2d 180, 205 (D.P.R. 1999).

Regarding Puerto Rico Law 115, 29 L.P.R.A. § 194a *et. seq*., we have held that the Commonwealth has not waived its sovereign immunity. <u>Diaz v. Dep't of Educ.</u>, 823 F. Supp. 2d 68, 77 (D.P.R. 2011).

To the extent that plaintiff alleges claims against defendants PPR and the Commonwealth under Puerto Rico Laws 17 and 69, 29 L.P.R.A. §§ 155-155m, 1321-1341 (sexual harassment and gender discrimination), we have also held that the Commonwealth has not waived its sovereign immunity with respect to these laws. <u>Hernandez-Mendez v. Rivera</u>, 137 F. Supp. 3d 142, 161 (D.P.R. 2015).

Accordingly, and for the reasons stated above, defendants PPR and the Commonwealth's request for dismissal of plaintiffs' state law claims is GRANTED.

**Co-Plaintiff Patria Astacio**

Defendants PPR and the Commonwealth pray that all claims by co-plaintiff Patria Astacio be dismissed for her failure to plead factual allegations that state a claim upon which relief can be granted. Plaintiffs' response does not address defendants' argument. Their counter-argument, in its entirety, is that plaintiffs "already discussed in the previous paragraphs that this Honorable Court has primary jurisdiction of the claims under federal law and under state law remedies under the Supplemental Jurisdiction Principles in the interest of judicial efficiency and economy." (d.e. 29, ¶ 18).

CIVIL 15-3181CCC						8

In order to meet the pleading standard set forth in Ashcroft v. Iqbal, plaintiffs must simply plead facts sufficient to "raise a right to relief above the speculative level." Maldonado-Concepción, 683 F. Supp. 2d at 174, 175-76.

In plaintiffs' Amended Complaint (d.e. 21), they mention co-plaintiff twice. First, they mention her in the section naming the parties: "[Plaintiff Rivera's] mother Patria M Astacio is included as co-plaintiff." (d.e. 21, ¶ 5). Second, they mention her in the section outlining their prayer for relief: "Co-plaintiff Patria M Astacio has suffered and continues to suffer, severe emotional distress, affliction, anguish, deprivation due to her daughter suffering, estimated on $500,000.00." (d.e. 21, ¶ 42). Nowhere do plaintiffs allege any facts as to the cause of co-plaintiff Astacio's alleged suffering. Indeed the "Facts" section of the Amended Complaint is entirely devoid of any references to Astacio.

As noted above, in order to avoid dismissal, plaintiffs must "provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Maldonado-Concepción, 683 F. Supp. 2d at 174, 175-76) (emphasis ours). Because plaintiffs allege no facts as to co-plaintiff Astacio, the Amended Complaint (d.e. 21) completely fails to meeting the pleading standard outlined in Twombly and Iqbal. Accordingly, defendants' request for dismissal of the claims brought by co-plaintiff Astacio is GRANTED.

## IV.  DISPOSITION OF THE MOTION

For the foregoing reasons, defendants Commonwealth of Puerto Rico and the Police of Puerto Rico's Motion to Dismiss (**d.e. 27**) is GRANTED IN PART AND DENIED IN PART.  Defendants' Motion is GRANTED as to **(1)** all

CIVIL 15-3181CCC                           9

claims by plaintiff Astacio, **(2)** the 42 U.S.C. ¶ 1983 claims by plaintiff Rivera against the Commonwealth and PPR and **(3)** all state law claims by plaintiff Rivera. Said claims are hereby DISMISSED WITH PREJUDICE. Defendants' Motion is DENIED as to plaintiff Rivera's claim under Title VII of the Civil Rights Act, 42 U.S.C. § 200e *et seq*.

## V.   ORDER TO SHOW CAUSE

Finally, and while defendants did not ask for the dismissal under Twombly and Iqbal of plaintiff Rivera's Title VII claim, our review of the Amended Complaint has revealed that she invoked that federal statute in her jurisdictional allegations followed by a narrative of five and a half pages of allegations of fact none of which are linked as violations to any of the provisions of Title VII.  Similarly, there is a remaining claim under ¶ 1983 presumably against defendant Caldero, yet the Amended Complaint is devoid of any specific allegations tying him to violations of plaintiff's civil rights. Accordingly, **plaintiff Rivera shall SHOW CAUSE by MARCH 15, 2017** why the remaining claims against the Commonwealth and PPR under Title VII and against Caldero under ¶ 1983 should not be dismissed for her failure to comply with the plausibility pleading standards established in Twombly and Iqbal, ante. Failure to comply with this Order by the established deadline will result in the immediate dismissal of the remaining claims, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on March 2, 2017.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge